| | | |
|---|---|---|
| DALTON ALONZO DIXON, ) | | |
| Plaintiff, ) | | |
| vs. ) | | **ORDER** |
| HONORABLE JUDGE JAMES ) C. DEVER, III, ) | | |
| Defendant. ) | | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint. [Doc. 1].

I. **BACKGROUND**

*Pro se* Plaintiff Dalton Alonzo Dixon ("Plaintiff") is a prisoner of the State of North Carolina incarcerated at Marion Correctional Institution in Marion, North Carolina. Plaintiff purports to bring this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and 42 U.S.C. § 1983 against the Honorable James C. Dever, III, United States District Judge for the Eastern District of North Carolina, in his individual and official capacities. [Doc. 1]. Plaintiff alleges that on March 17, 2021, Judge Dever violated his rights under 28 U.S.C. §§ 144 and 455 "by involving his self in such 'political questions,' when citing

over ten cases from the U.S. District Court in reference to his final order of dismissal … for case No. 5:20-HC-2181-D." [Id. at 5]. Plaintiff claims, without any context or actual factual allegations, that Judge Dever "intended to maliciously destroy the separation of powers, destroy or undermine my constitutional rights, and unconstitutionally and unlawfully enlarge his jurisdiction and importance by abusing case law for political rather than lawful purposes. [Id. at 5-6]. In a letter enclosing his Complaint, Plaintiff wrote that he chose "to file this complaint out of the District of the offense and with you all" because the "[C]omplaint is against an Eastern District Judge." [Doc. 1-1 at 2].

For relief, Plaintiff seeks injunctive relief and monetary damages. [Id. at 8].

## II. DISCUSSION

In an action arising under <u>Bivens</u> or 42 U.S.C. § 1983, venue is established by 28 U.S.C. § 1391(b), which provides: (b) A civil action may be brought in: (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be

brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Therefore, under Section 1391, Plaintiff's action may be heard in a venue where the defendant resides, or in the venue where the issue substantially arose, which here is the Eastern District of North Carolina. Pursuant to 28 U.S.C. § 1406(a), the Court may dismiss this action, or, if it is in the interest of justice, transfer this action to the United States District Court for the Eastern District of North Carolina. The Court will transfer this action. In transferring the action, the Court does not comment on the merits of Plaintiff's purported claims.

## III. CONCLUSION

For the reasons stated herein, the Court transfers this action to the Eastern District of North Carolina.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's action is transferred to the Eastern District of North Carolina.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: August 17, 2021

Martin Reidinger
Chief United States District Judge